UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
HYUK KEE YOO, a/k/a "KEITH YOO,"

                              Petitioner,             **OPINION & ORDER**

    - against -                                             No. 21-CV-6184 (CS)

UNITED STATES OF AMERICA,

                              Respondent.
-------------------------------------------------------------x

Appearances:

Paul Shechtman
Bracewell LLP
New York, New York

Shawn Naunton
Zuckerman Spaeder LLP
New York, New York
*Counsel for Petitioner*

Derek Wikstrom
Assistant United States Attorney
Southern District of New York
White Plains, New York
*Counsel for Respondent*

Seibel, J.

      Before the Court is Petitioner's motion to stay extradition pending his appeal of this Court's November 1, 2021 Order denying his petition for a writ of *habeas corpus*. For the reasons stated below, the motion is GRANTED.

**I.    BACKGROUND**

      The Court sets forth here only the factual and procedural background relevant to this motion.

On May 8, 2014, after Petitioner was charged with seven counts of embezzlement, a judge of the Incheon District Court in the Republic of Korea ("Korea") issued a warrant for his arrest. (ECF No. 15 ("Nov. 1 Order") at 2.) On May 28, 2014, Korea sent the first of a series of diplomatic notes to the United States Government seeking Petitioner's extradition to Korea under the Extradition Treaty Between the Government of the United States of America and the Government of the Republic of Korea, K.-U.S., June 9, 1998, T.I.A.S. No. 12,962 (the "Treaty"). (*Id.*) It was not until February 27, 2020, that the Government filed a complaint commencing extradition proceedings. (*Id.*)

On July 2, 2021, Magistrate Judge Judith C. McCarthy issued an Order certifying Petitioner as extraditable to Korea. *In re Extradition of Hyuk Kee Yoo*, No. 20-MJ-2252, 2021 WL 2784836 (S.D.N.Y. July 2, 2021). Petitioner subsequently sought a writ of *habeas corpus*, (ECF No. 1), and on November 1, 2021, this Court denied his petition, (Nov. 1 Order; ECF No. 16). On the same day, Petitioner filed a Notice of Appeal. (ECF No. 17.) On November 10, 2021, Petitioner moved for an Order staying his extradition to Korea pending his appeal. (ECF No. 18.)

**II.   LEGAL STANDARD**

Courts consider four factors when deciding whether to issue a stay pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (cleaned up). The likelihood of success on the merits and irreparable injury are the most critical factors, *Nken v. Holder*, 556 U.S. 418, 434 (2009), and "the degree to which a factor must be present varies with the strength of the other factors, meaning that more of one factor excuses less of the

2

other," *In re World Trade Ctr.*, 503 F.3d at 170 (cleaned up).  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  *Nken*, 556 U.S. at 433-34.

### III.    DISCUSSION

Petitioner argues that the issues of who (between the judiciary and the executive branches) may or must consider the timeliness of charges under the Treaty, and how the statute of limitations should be analyzed, are "'serious and difficult questions of law in an area where the law is somewhat unclear.'"  (ECF No. 19 ("Pet. Br.") at 3) (quoting *In re Extradition of Hilton*, No. 13-MJ-7043, 2013 WL 3282864, at *2 (D. Mass. June 26, 2013)).  The Government responds that the handful of courts to address the first issue have uniformly ruled, as this Court did, that the statute-of-limitations question is discretionary under the Treaty and thus committed to the executive branch.  (ECF No. 21 ("Gov. Opp.") at 2.)  While the Court naturally believes that its resolution of this issue is correct, in this context Petitioner need only show "a substantial possibility, although less than a likelihood, of success" – that is, "something less than 50 percent."  *Mohammed v. Reno*, 309 F.3d 95, 101-02 (2d Cir. 2002) (cleaned up).  Because Petitioner's appeal raises issues that the Second Circuit has not yet considered, upon which there are non-frivolous grounds for disagreement, in the circumstances this factor weighs in favor of a stay.

The Government concedes that the second factor, irreparable harm, weighs in Petitioner's favor because absent a stay Petitioner would likely be removed from the United States before his appeal is decided.  (Gov. Opp. at 2.)  Removal from the United States would unquestionably cause irreparable injury by mooting Petitioner's appeal before it can be heard, and this factor weighs strongly in favor of a stay.  *See Artukovic v. Rison*, 784 F.2d 1354, 1356 (9th Cir. 1986)

("The possibility of irreparable injury to [Petitioner] if we deny his motion is evident: his appeal will become moot and will be dismissed since the extradition will have been carried out.").

Because the Government is the opposing party, the third and fourth factors (harm to the opposing party and the public interest) merge.  *Nken*, 556 U.S. at 435.  In the context of extradition proceedings these factors often weigh in the Government's favor.  *See id.* at 436 ("There is always a public interest in prompt execution of removal orders . . . ."); *Artukovic*, 784 F.2d at 1356 (compliance with valid extradition applications advances the public interest by strengthening international relations).  But here, the Korean government made its first request for extradition on May 28, 2014, and the United States did not commence the extradition case until February 27, 2020, after a series of supplemental submissions.  (*See* Nov. 1 Order at 2.)  Given this delay, the public interest in prompt execution of removal orders and international relations is largely neutralized, and in any case is not so urgent that it should outweigh Petitioner's interest in having a "full [and] fair opportunity to litigate his claim."  *Noriega v. Pastrana*, No. 07-CV-22816, 2008 WL 331394, at *3 (S.D. Fla. Jan. 31, 2008).[1]

---

[1] Petitioner has committed to litigating his appeal as expeditiously as possible.  (*See* Pet. Br. at 2; Gov. Opp. at 2 n.1.)

## IV. **CONCLUSION**

For the foregoing reasons, Petitioner's motion for a stay of extradition pending his appeal of this Court's November 1, 2021 Order denying his petition for a writ of *habeas corpus* is GRANTED. The Clerk of Court is respectfully directed to terminate the pending motion, (ECF No. 18).

**SO ORDERED.**

Dated: November 16, 2021
　　　　White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.